**Navneet KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71666.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John S. Hogan, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Navneet Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") denial of her applications for asylum, withholding of deportation, and relief under the Convention Against Torture (the "Convention"). Because the transitional rules apply, *see Kalaw v. INS*, 133

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the adverse credibility finding based on omissions and inconsistencies in Kaur's testimony that went to the heart of her claim and the IJ's assessment of her demeanor. *See Singh–Kaur v. Ashcroft*, 183 F.3d 1147, 1151–52 (9th Cir.1999). The record does not compel the conclusion that Kaur's testimony was credible. *See id.* at 1149–50.

Because substantial evidence supports the adverse credibility determination, it was reasonable for the BIA to consider the fact that Kaur did not submit corroborating evidence and did not provide a credible explanation for her failure to do so. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001). Accordingly, Kaur failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the conclusion that Kaur is not entitled to relief under the Convention because she did not demonstrate that it is more likely than not that she would be tortured upon return to India. *See Malhi*, 336 F.3d at 993.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Kaur's voluntary departure period will begin to run upon issuance of the Court's mandate.

**PETITION FOR REVIEW DENIED.**

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the